**In re the Matter of Ann L. SMITH,**[*]

**v.**

**Thomas C. MATSON.**

**No. CS99–05051.**

Family Court of Delaware,
Sussex County.

Submitted: Oct. 16, 2001.
Decided: Jan. 15, 2003.

Bruce A. Rogers, Bruce A. Rogers, P.A., Georgetown, DE, for wife.

Thomas E. Gay, Stumpf, Vickers and Sandy, P.A., Georgetown, DE, for husband.

HENRIKSEN, J.

In the Court's decision and Order dated July 11, 2001, the Court specifically invited each of the parties to file requests for attorney's fees for the reason explained in that decision and Order. In addition, in denying wife's Motion for Reargument, which the Court found totally without merit, the Court's Order mailed October 17, 2001 also invited the parties to seek attorney's fees for their time spent on the

---

[*] Pseudonyms have been assigned to the parties to protect their identities.

Motion for Reargument and Answer thereto.

## *ATTORNEY'S FEES OWED BY WIFE TO HUSBAND*

The Court was first concerned with the one-and-a-half (1–½) month gap of time in which it took wife to respond to a letter proposal from husband dated June 9, 2000. After nearly a month from the original date of the letter, husband's counsel had to send a reminder letter on July 6, 2000. The response by wife's counsel was made to husband's original letter on July 21, 2000. Although not set forth in husband's Attorney's Affidavit, the Court assessed one quarter (¼) hour for the reminder letter sent by husband's counsel on July 6, 2000. Since husband's hourly fee at the time was $150, which the Court deems appropriate, the wife is assessed for this particular issue the sum of $37.50.

The Court was next concerned with the failure of wife to make any attempt to negotiate and achieve settlement after receipt by her attorney of a letter from husband's counsel dated September 8, 2000. This letter, although containing an incomplete offer of settlement, certainly made an attempt towards settlement. Had wife perhaps responded with a counter proposal, or at least some type of letter indicating that the proposal could not be considered because of its incompleteness, the parties may have, through back and forth communication, been able to resolve the case without having to spend the next several months incurring attorney's fees leading towards trial. Husband's counsel sets forth 14.3 hours from the time period of September 8, 2000 until a more complete settlement offer letter dated June 13, 2001. At the rate of $150, this would amount to $2,145. Had wife made an attempt to respond to the settlement proposal, the Court understands that a certain amount of additional time would have been necessary for the parties to work out the details of arriving at a settlement. As the Court noted in its original decision, this was a case involving a relatively short marriage with non-complex issues. The Court will therefore order wife to pay two-thirds (⅔) of husband's attorney's fees for this time period, that being in the amount of $1,430.

The Court was also concerned with wife's failure to provide values on her automobile. The Court notes that letters were sent by husband's counsel on March 7, 2001, and again on March 28, 2001. However, since these letters were included already in the time period just calculated above, the Court will not double assess these values.

The Court was next concerned with wife's failure to respond to a legitimate proposal of settlement from husband made on June 13, 2001, which would have been made in the hopes of avoiding the expensive preparation that the Court would expect would precede the final preparations for trial. Had wife accepted the proposal, she would have fared better than the Court's final decision. By the Court's calculation, husband's counsel spent 13.2 hours at $150 per hour, or the equivalent of $1,980, which will be assessed to wife.

In denying wife's Motion for Reargument, the Court noted wife's failure to cite any cases in support of her arguments, her failure to raise issues of prejudice, her questioning of values when she had not originally abided by the rules in attempting to come to those values, and her argument that husband should not have received credits for certain debt payments, when, in fact, the Court's opinion clearly denied husband those credits. Wife's motion was totally without merit. Husband's attorney spent 4.1 hours in reviewing and responding to the motion. At $150 per

hour, wife owes husband on this issue the sum of $615.

The net result of the above is that wife owes husband the sum of $4,062.50.

### ATTORNEY'S FEES OWED BY HUSBAND TO WIFE

The Court's first concern was that husband took nearly a year and-a-half to return property that was clearly wife's pre-marital property. He did so in the hopes of coercing wife into a settlement. Although the Court suspects that more time was spent in attempting to remind husband to return the property, wife's counsel was only able to produce in his affidavit information of May 28, 2001, May 29, 2001, and June 12, 2001, clearly on point of this issue, for a total of $75. Although wife might argue that husband's failure to return her pre-marital property caused her to no longer respond to the requirements of providing the Court with necessary information, and also participating in settlement negotiations, such an argument is inappropriate. The parties must realize, that despite the action or inaction of the other party, they must fulfill their obligations to the Court, which includes both providing the Court and the other party with the information at hand, and also participating, or at least attempting to participate, in settlement negotiations. Hopefully, where parties fulfill their obligations, which may sometimes require patience, they will be rewarded at the conclusion of the case where the other party has failed to uphold their obligations.

The Court was also concerned with two (2) gaps of time in which husband failed to respond to attempted negotiations by wife's attorney. The first (1st) gap involved a period of more than two (2) months from November 29, 1999 to February 9, 2000. The reminders sent to husband's counsel at the time cost wife the sum of $37.50 and $25, for a total of $62.50 for which husband shall be responsible.

The next gap in time occurred between February 28, 2000 and June 9, 2000 where husband again failed to respond to wife's counsel's proposal of February 28, 2000. The time spent by wife's counsel in sending reminders during that time period on March 24th, March 27th, Ann 11th, May 15th, and May 24th, 2000, resulted in charges of $200 for which husband will be responsible.

The Court held a pre-trial on January 24, 2001. As part of its Pre–Trial Order, husband was required to provide debt information to wife within thirty (30) days of the pre-trial, which husband failed to do. Husband was seeking credits for payments of these various debts. Because of his failure to comply with the Court's Pre–Trial Order, the Court disallowed husband the credits. Thus, no benefit was gained by husband from failing to provide the information. Furthermore, minimal time was lost at trial because of husband's failure to provide that information. Reviewing wife's attorney's affidavit, he sent letters on March 8th and March 30th, 2001 to pursue debt information, which totaled $112.50 in time. Husband will be responsible for payment of this amount.

In sum, husband is responsible for payment of wife's attorney's fees in the amount of $450. Deducting this amount from wife's obligation to husband of $4,062.50, this leaves attorney's fees owed by wife to husband in the amount of $3,612.50.

### CONCLUSION

As the Court noted in its earlier decision dated July 11, 2001, and again stated in its Order on wife's Motion for Reargument mailed October 17, 2001, attorneys have a responsibility to the Court as well as to

their clients to attempt to reach a fair and just conclusion to their client's case as expeditiously as possible.[1] This includes the responsibility to respond to inquires from a party opponent within a reasonable time.[2] Attorneys have the duty to the Court, and the responsibility to their clients, to direct their clients towards good faith settlement negotiations. In no area of law is this more important than in the area of domestic relations. Attorneys and clients in domestic relations matters must realize that they have an affirmative obligation to attempt settlement negotiations. As the Court stated in its original decision in this case, and again in its reargument decision, *"Silent inaction is just as unreasonable in settlement negotiations, as is overt unreasonable action, and each vice results in protracted and unnecessary litigation."*

Based upon all of the foregoing, wife is required to pay husband attorney's fees in the amount of $3,612.50. Said amount shall be paid to husband, in installments of not less than $600 per month, with the first (1st) payment due on or before the 15th day of February, 2003, and each installment thereafter due on or before the 15th of the month, with the total obligation due and payable no later than seven (7) months from the date of this Order.

**IT IS SO ORDERED.**

1. Delaware Professional Conduct Rule 3.2.

2. Delaware Professional Conduct Rule 1.4.